NANCY R. KENNEDY SURRATT v. JOHN B. KENNEDY

No. 7518DC889

(Filed 5 May 1976)

**Divorce and Alimony § 22— child custody — jurisdiction of proceeding**
    In a divorce action where plaintiff also sought custody of the minor children, the trial court properly denied defendant's motion to

Surratt v. Kennedy

dismiss made on the ground that he had instituted an independent child custody action in the district court of another county, since the court in which the question was first raised retained jurisdiction of the issue.

APPEAL by defendant from *Washington, Judge.* Judgment entered 28 May 1975 in District Court, GUILFORD County. Heard in the Court of Appeals 19 February 1976.

Plaintiff instituted this action in the District Court in Guilford County seeking a divorce on the grounds of one year's separation. In her verified complaint filed 11 March 1975, in addition to allegations concerning residence of the parties, their marriage on 19 June 1959, their separation on 6 January 1974, and that they lived separate and apart for more than one year, plaintiff alleged she was a fit and proper person to have custody of the three minor children born of the marriage. In her prayer for relief she asked for an absolute divorce and that custody of the three children be awarded to her. On 26 March 1975 defendant filed his verified answer in which he admitted all allegations in the complaint and in which he joined in plaintiff's prayer for relief. On 26 March 1975 judgment was entered in the District Court in Guilford County granting plaintiff an absolute divorce. This judgment made no reference to custody of the children.

On 5 May 1975 plaintiff served notice on defendant that she was applying in this Guilford County action for an order awarding her custody of the three children. At a hearing held 29 May 1975 defendant moved to dismiss under Rule 12(b) on the grounds of lack of jurisdiction in that on 15 April 1975 he had filed an independent action against the plaintiff herein in the District Court in Randolph County wherein he was seeking custody of the children.

Defendant's motion to dismiss the Guilford County action was denied, and defendant appealed.

*Clarence C. Boyan for plaintiff appellee.*

*Bell and Ogburn, P.A. by Deane N. Bell and William H. Heafner for defendant appellant.*

PARKER, Judge.

The allegations and prayer for custody in the pleadings brought the question of custody to issue in this action even

though the question was not determined in the divorce decree. Therefore, for the reasons stated by Brock, Chief Judge, in opinion filed this date in *Kennedy v. Surratt,* Case No. 7519DC888, which was an appeal from an order entered in the Randolph County action, the District Court in Guilford County retained jurisdiction in this action of the question of custody of the minor children of the parties. Accordingly, defendant's motion to dismiss was properly denied. The order appealed from is

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.